## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| NATIONAL RIFLE ASSOCIATION OF AMERICA, a New York Nonprofit Corporation,<br><br>                           Plaintiff,<br><br>    v.<br><br>ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA, a Minnesota Corporation,<br><br>                           Defendant. | NO.<br><br>**COMPLAINT** |

Plaintiff, NATIONAL RIFLE ASSOCIATION OF AMERICA ("NRA"), by and through its undersigned counsel, and for its Complaint against defendant ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA ("Allianz Life") alleges as follows:

### PARTIES

1.      Plaintiff NRA is a New York nonprofit corporation in good standing. NRA's principal place of business is in Virginia.

2.      Defendant Allianz Life is a Minnesota corporation. Allianz Life's principal place of business is in Minnesota. Allianz Life is the successor to North American Life and Casualty Company ("NALAC"). NALAC merged with Fidelity Union Life Insurance in or around 1993 to form Allianz Life.

### JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). Complete diversity of citizenship exists between NRA and Allianz Life, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4.      Venue is proper in the United States District Court for the District of

Minnesota pursuant to 28 U.S.C. § 1391(b)(1).

## FACTS

5.      NALAC underwrote cancer care insurance offered as part of an NRA endorsed or sponsored Affinity Program.

6.      As documented in a letter dated February 3, 1986 from NALAC's Assistant Vice President, Jim Kelso, NALAC agreed as follows:

> NALAC agrees with the request of the NRA as stated in your letter to me of January 22, 1986. By this letter, NALAC agrees to assume liability for and unconditionally and irrevocably indemnify and hold harmless the NRA, its officers, directors, employees or agents from and against any and all liabilities, obligations, losses, damages, penalties, claims, actions, suits, costs, expenses, or disbursements (including travel expenses, costs of investigation and legal expenses) of any kind and nature whatsoever which may be imposed upon, incurred by or asserted against the NRA, its officers, directors, employees, or agents arising out of the design, distribution, content (or effect thereof) of any descriptive or promotional materials or advertisements sent to or received by NRA members with respect to any NRA sponsored Group Insurance program.

A copy of Mr. Kelso's February 3, 1986 letter is attached as Exhibit 1.

7.      On November 25, 2020, Ronald Shields, individually and as Personal Representative of the Estate of Norma Shields and their marital community, sued NRA, among others, in the United States District Court for the Eastern District of Washington (Case No. 2:20-cv-00438-SMJ) (hereinafter the "Shields Litigation"). A copy of Mr. Shields' original Complaint for Damages in the Shields Litigation is attached as Exhibit 2. A copy of Mr. Shields' Amended Complaint in the Shields Litigation is attached as Exhibit 3.

8.      As against NRA, Mr. Shields alleged in the Shields Litigation, among other things, that the Shields became members of the NRA in the 1960s and that he was a "lifetime" and "endowed" member of the NRA. He alleged the NRA first offered the Shields cancer insurance plans through advertising directed towards NRA members under the NRA Endorsed Insurance Program. Mr. Shields claimed

that NRA promised to deliver "$1,000,000.00 paid out in hard cash" and, based upon such representations in advertising, the Shields decided to enroll in the cancer insurance policy endorsed by NRA. Mr. Shields further alleged that the cancer insurance plan being sold did not contain $1,000,000.00 in cash benefits in excess of medical bills and medical expenses.

9.      Mr. Shields alleged that the Shields originally purchased and paid for their cancer insurance policy through NALAC, which later changed its name to Allianz Life, prior to the NRA Endorsed Insurance Program transitioning to other insurance carriers in or around 2001. Mr. Shields alleged that "[a]ll successors in interest have derived, benefited, and gained from the tortious acts of [NALAC] and the NRA."

10.      Mr. Shields further alleged in the Shields Litigation that, unfortunately, Norma Shields was diagnosed with colon cancer and died in 2018. He further alleged that NRA and other defendants failed to conduct a reasonable investigation of the Shields' insurance claim(s), failed to timely pay the Shields' claim(s) on the cancer insurance policy, and failed to pay "Plaintiffs for any portion of the cancer-related medical bills – totaling over 1 million dollars – Plaintiffs incurred while Mrs. Shields was battling cancer."

11.      The Shields asserted a myriad of different causes of action against the NRA, including claiming negligence, professional negligence, violations of Washington's Consumer Protection Act, RCW 19.86 et seq., twisting, fraud in the sale, solicitation, negotiation, and advertising of insurance, claims handling and fraudulent inducement to contract, breach of fiduciary and quasi-fiduciary duties, violations of Washington's Insurance Fair Conduct Act, RCW 48.30 et seq., breach of contract, breach of implied duties of good faith and fair dealing, promissory estoppel, and also sought a declaratory judgment.

12.     On November 1, 2021, NRA tendered defense and indemnity of the Shields Litigation to Allianz Life, based upon its predecessor's, NALAC's, agreement to indemnify and hold harmless the NRA against such claims in connection with promotional materials or advertisements concerning an NRA sponsored Group Insurance program, including the NRA cancer insurance program at issue in the Shields Litigation. A copy of NRA's November 1, 2021 letter tendering defense and indemnity of the Shields Litigation to Allianz Life is attached as Exhibit 4.

13.     Under Minn Stat. § 302A.641, the surviving organization in a merger is responsible and liable for all the liabilities and obligations of each of the constituent organizations. Allianz Life is responsible for NALAC's liabilities and obligations to NRA.

14.     Allianz Life declined and refused to indemnify NRA or to hold NRA harmless.

15.     NRA and Mr. Shields settled and resolved the Shields Litigation on or about October 18, 2022. The Shields Litigation has been completely resolved and, through the settlement, NRA's liability has become finally fixed and ascertained, triggering Allianz Life's obligation to indemnify NRA and hold it harmless.

**FIRST CAUSE OF ACTION – BREACH OF INDEMNITY AGREEMENT**

16.     NRA realleges and incorporates by this reference the above paragraphs.

17.     As shown in the express terms of NALAC's February 3, 1986 letter to NRA's then-broker, Kirke-Van Orsdel, Inc., NALAC accepted NRA's request and broadly agreed to indemnify and hold harmless the NRA. Allianz Life, as the surviving organization of the merger between NALAC and Fidelity Union Life

Insurance, is liable for the liabilities and obligations of NALAC under the agreement to indemnify and hold harmless the NRA.

18.     NRA and Allianz Life are, thus, parties to the indemnity and hold harmless agreement, which is a valid and binding contract to be construed in accordance with the principles generally applied in the construction and interpretation of other contracts. The agreement is supported by consideration and the NRA would not have agreed to and/or continued to participate in an NRA endorsed insurance program with NALAC without NALAC's promises to indemnify the NRA and hold it harmless.

19.     The promises made and obligations undertaken by NALAC, which Allianz Life is liable for and obligated to satisfy, do not contain any specified termination date or period. Rather, NALAC agreed to "assume liability for and unconditionally and *irrevocably* indemnify and hold harmless the NRA" (emphasis added). Indemnification and hold harmless agreements like the one at issue survive termination of underlying contractual relationships under such circumstances. *See Koppers Co. v. Missouri Pac. R. Co.*, 809 S.W.2d 830, 833-34 (Ark. Ct. App. 1991) (cited with approval by *Buchwald v. Univ. of Minn.*, 573 N.W.2d 723, 726 (Minn. Ct. App. 1998)); *CMC Heartland Partners v. Gen. Motors Corp.*, No. 92 C 4449, 1994 WL 498357, at *10 (N.D. Ill. Aug. 30, 1994). Allianz Life's obligations under the agreement to indemnify and hold harmless the NRA survive and were triggered when the NRA's liability in connection with the Shields Litigation became fixed and ascertained.

20.     NRA requested and demanded that Allianz Life honor the promises and obligations it is liable for under the agreement, but Allianz Life refused. Allianz Life is in breach of the agreement to indemnify and hold harmless the NRA. Allianz Life's breach of the agreement legally and proximately damaged

the NRA in an amount to be proven at trial, but in no event less than $250,000.00.

21.    NRA is entitled to a judgment against Allianz Life for breach of contract for the full amount of NRA's damages under the agreement, in addition to pre- and post-judgment interest, costs, and/or attorneys' fees as authorized by law.

### SECOND CAUSE OF ACTION – PROMISSORY ESTOPPEL

22.    NRA realleges and incorporates by this reference the above paragraphs.

23.    In the alternative, Allianz Life's predecessor, NALAC, made clear and definite promises to indemnify and hold harmless the NRA, as is documented in the letter dated February 3, 1986 from NALAC's Assistant Vice President, Jim Kelso. Allianz Life is liable for the promises, liabilities and obligations of NALAC.

24.    NALAC intended its promises to indemnify and hold harmless the NRA to induce the NRA to rely upon such promises and to endorse or sponsor group insurance programs, including the cancer insurance program, underwritten by NALAC. The NRA relied upon NALAC's promises to indemnify it and hold it harmless in agreeing to endorse or sponsor such insurance programs underwritten by NALAC.

25.    NALAC's promises must be enforced to prevent an injustice to NRA. It was reasonable for the NRA to rely upon NALAC's clear and definite promises to indemnify and hold it harmless, and important policy considerations including enforcement of parties' bargains and preventing unjust enrichment, support enforcement of these promises in favor of the NRA and against Allianz Life.

26.    To the extent an express, valid and binding contract is not deemed to

bind Allianz Life to the promises made to NRA, then NRA is entitled to judgment against Allianz Life under the equitable doctrine of promissory estoppel in an amount to be proven at trial, but in no event less than $250,000.00, plus pre- and post-judgment interest, costs, and/or attorneys' fees as authorized by law.

## PRAYER FOR RELIEF

WHEREFORE, having stated its Complaint, NRA prays for relief against Allianz Life as follows:

1.     A money judgment against Allianz Life for breach of contract for the full amount of NRA's damages under the agreement, which are in no event less than $250,000.00, plus pre- and post-judgment interest;

2.     In the alternative, a money judgment against Allianz Life under the equitable doctrine of promissory estoppel in an amount to be proven at trial, but in no event less than $250,000.00, plus pre- and post-judgment interest;

3.     An award of costs, expenses, and reasonable attorneys' fees as authorized by statute, contract, any recognized basis in equity, or applicable law; and

4.     For such other and further relief as this Court deems just and equitable.

DATED this 24th day of August, 2023.

**MONROE MOXNESS BERG PA**

By:  _/s/ Ansis V. Viksnins_____
    Ansis V. Viksnins (#196277)
    Mary Cate S. Cicero (#396423)
    7760 France Avenue South, Suite 700
    Minneapolis, MN 55435
    Phone: (952) 885-5999
    Facsimile: (952) 885-5969
    Email: aviknins@mmblawfirm.com
    Email: mcicero@mmblawfirm.com

**RYAN, SWANSON & CLEVELAND PLLC**

    Bryan Graff (Pro Hac Vice Motion pending)
    Kristin Meier (Pro Hac Vice Motion pending)
    1201 Third Avenue, Suite 3400
    Seattle, Washington 98101-3034
    Email: graff@ryanlaw.com
    Email: kmeier@ryanlaw.com

**ATTORNEYS FOR PLAINTIFF**